UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GERALD KAMLAGER,

          Petitioner,

          -vs-                                        Case No. 10-C-667

MICHAEL THURMER,
Waupun Correctional Institution,

          Respondent.

---

# DECISION AND ORDER

---

      Gerald Kamlager was convicted of first degree intentional homicide, contrary to Wis. Stat. § 940.01(1)(a), and hiding a corpse, contrary to Wis. Stat. § 940.11(2). The state court sentenced Kamlager to life imprisonment with no possibility of extended supervision. Kamlager petitions for relief pursuant to 28 U.S.C. § 2254. For the reasons that follow, Kamlager's petition is dismissed.

      The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the review of state court convictions in federal habeas corpus proceedings. A federal court may grant habeas relief only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). A state court decision is "contrary to" federal law if the state court either incorrectly laid out governing United States Supreme

Court precedent or decided a case differently than a factually and materially indistinguishable Supreme Court case. § 2254(d)(1). A state court unreasonably applies Supreme Court precedent when it correctly identifies the governing legal rule but unreasonably applies it to the facts of a case; unreasonably extends a legal principle from the Supreme Court's precedent to a new context in which it should not apply; or unreasonably refuses to extend that principle to a new context in which it should apply. § 2254(d)(1); *Ellison v. Acevedo*, 593 F.3d 625, 632 (7th Cir. 2010).

Kamlager's primary claim is that his rights under the Fifth, Sixth and Fourteenth Amendments were violated when the trial court failed to suppress statements made after he invoked his right to remain silent and his right to counsel. The Wisconsin Court of Appeals assumed, without deciding, that these statements were admitted in error and conducted a harmless error analysis. *Chapman v. California*, 386 U.S. 18, 22-23 (1967). The court examined a variety of factors, including the nature of the State's case, the frequency of the error, the importance of the erroneously admitted evidence, the presence or absence of evidence corroborating or contradicting the erroneously admitted evidence, whether the erroneously admitted evidence duplicates untainted evidence, and finally the strength of the State's case. The court's discussion dovetailed into its analysis of the strength of the State's case, concluding as follows:

> Absent the tainted evidence, a rational jury could adopt the State's theory of the case that Kamlager killed Wanda Greenlee; that he was a gambler who owed his girlfriend a lot of money, a man who had resorted to forgery and who was making promises to his girlfriend that he was leaving his wife and going to move in with her – promises he did not intend to keep, a man

-2-

> who had something to hide because he denied meeting his girlfriend on the day she disappeared even though there is phone record and testimonial evidence that strongly suggests he did meet Wanda that day. By the time police brought Kamlager in for a probation hold, Kamlager was seemingly desperate because the police found him intentionally inhaling exhaust fumes from his vehicle's tailpipe trying to commit suicide. He had earlier that day made at least two phone calls: one was a hot-tempered phone call to the police when he realized he was under surveillance, the other was to his father-in-law in which he said, "That bitch wanted me to leave my Bonnie." The State's theory of a desperate man who killed his girlfriend, coupled with all the supporting evidence offered by the State over the course of the five-day trial, is enough for a rational jury to convict.

*State of Wisconsin v. Kamlager*, 2006AP1103-CR (Wis. Ct. App. Sept. 19, 2007), at 26-27.

"If the state court has conducted a harmless-error analysis, the federal court must decide whether that analysis was a reasonable application of the *Chapman* standard. If the answer is yes, then the federal case is over and no collateral relief issues." *Johnson v. Acevedo*, 572 F.3d 398, 404 (7th Cir. 2009). Before a "federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Chapman*, 386 U.S. at 24. The court of appeals reasonably applied the *Chapman* standard in finding that the admission of tainted evidence was harmless.

Kamlager also argues that his counsel was ineffective for failing to investigate a possible sentence reduction received by Michael Murphy, a witness against him at trial. The court of appeals rejected this claim because "even if [Kamlager's] postconviction counsel should have investigated to determine if Murphy received a deal, Kamlager could not show prejudice arising from this failure given the strength of the evidence against him." *State of*

*Wisconsin v. Kamlager*, 2006AP1103 (Wis. Ct. App. May 5, 2010), at 5. This is a reasonable application of the prejudice prong under *Strickland v. Washington*, 466 U.S. 668 (1984).

Kamlager's remaining claims are that the trial court erred by issuing a faulty jury instruction and by failing to hold a hearing under *State v. Machner*, 285 N.W.2d 905, 908 (Wis. Ct. App. 1979) ("it is a prerequisite to a claim of ineffective representation on appeal to preserve the testimony of trial counsel"). To the extent that these claims have a federal constitutional component, they were not fairly presented to the state court for purposes of exhaustion. *Harding v. Sternes*, 380 F.3d 1034, 1046 (7th Cir. 2004) (court considers "whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right"). To the extent that Kamlager is merely pursuing claims under Wisconsin state law, those claims are not cognizable on federal habeas review. "Errors of state law in and of themselves are not cognizable on habeas review. The remedial power of a federal habeas court is limited to violations of the petitioner's federal rights, so only if a state court's errors have deprived the petitioner of a right under federal law can the federal court intervene." *Perruquet v. Briley*, 390 F.3d 505, 511-12 (7th Cir. 2004).

In connection with this order, the Court must "issue or deny a certificate of appealability . . ." Rule 11(a), Rules Governing Section 2254 Cases. The Court will not issue a certificate because it is not debatable among reasonable jurists whether this petition should have been resolved in a different manner or that the issues deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2).

-4-

Case 2:10-cv-00667-RTR   Filed 09/27/11   Page 4 of 5   Document 23

**IT IS HEREBY ORDERED THAT** Kamlager's petition for a writ of habeas corpus is **DENIED**. This matter is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of September, 2011.

**BY THE COURT**:

*/s/ Rudolph T. Randa*
_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**
